UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Matthew Reese                                   Jury Trial Demanded
1007 Lynn Street apt B
Columbia, SC 29210

    Plaintiff,

v.

HARRIS & HARRIS, LTD.
111 W Jackson Blvd, Suite 650
Chicago, IL 60604

                                               Case No.

    Defendant,

## COMPLAINT AND DEMAND FOR JURY

### I. INTRODUCTION

1. This civil matter is for actual and statutory damages brought by Plaintiff Matthew Reese (hereinafter "Plaintiff"), an individual consumer, against Defendant HARRIS & HARRIS, LTD (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in unfair, abusive, deceptive collection practices.

### II. JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k (d) and 28 U.S.C § 1331. Venue in this District is proper as the Defendant transacts business in South Carolina.

### III. PARTIES

3. Plaintiff is a natural person residing in the District of South Carolina. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a (3).

4. Upon information and belief, Defendant's principal place of business is 111 W Jackson Blvd, Suite 650, Chicago, IL 60604

5. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a (6).

## IV. FACTS OF THE COMPLAINT

6. Defendant is attempting to collect an alleged debt that derived from a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

7. On November 20, 2024, at 12:25 pm, Defendant emailed Plaintiff for the purpose of attempting to collect an alleged debt of $37.60 allegedly owed to Prisma Health. **(see Exhibit A)**

8. On November 20, 2024, at 1:03 PM, Plaintiff sent a written response via email to Defendant, stating, "I refuse to pay," in accordance with 15 U.S.C. § 1692c(c). Defendant received the written communication on the same day. **(See Exhibit A)**

9. Despite receiving Plaintiff's formal written notice to cease and desist all communication, Defendant negligently continued to contact Plaintiff via email in an attempt to collect the alleged debt.

10. Defendant sent emails to Plaintiff on six separate occasions after receiving the cease-and-desist notice, in violation of 15 U.S.C. § 1692c(c), which prohibits further communication by debt collectors after such a request. These emails were sent on December 6, 2024; December 12, 2024; December 18, 2024; December 27, 2024; January 4, 2025; January 11, 2025; January 24, 2025 and January 29, 2025. **(See Exhibits B, C, C1, C2, C3, C4, C5, & C6).**

11. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the defendant.

12. The defendant's actions have posed a serious risk of harm to the fundamental interests that Congress intended to safeguard through the FDCPA.

13. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of anger, harassment, anxiety, decreased ability to focus on tasks while at work, time wasted, and frustration, amongst other negative emotions.

## COUNT ONE
## FDCPA Violation Of 15 U.S.C §1692c(c)

14. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15. Defendant violated the FDCPA, including but not limited to the following: Defendant violated 15 U.S.C. § 1692c(c) by failing to cease collection efforts after receiving Plaintiff's written notice to do so.

16. As a result of these violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and associated costs.

## JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages;

C. Statutory damages;

D. For such other and further relief as the Court may deem just and proper.

Dated: February 3, 2025

Respectfully Submitted
/s/ Matthew Reese *Matthew Reese*
1007 Lynn Street
Columbia, South Carolina 29210
Email: Matthewisrealreese@gmail.com